UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 15-20473-CR-UNGARO(s)(s)(s)

UNITED STATES OF AMERICA,

vs.

LLOYD BOGGIO,

    Defendant.
_____/

BENNY FLORENZA J.,

    Petitioner/Claimant, and

MARIA LUC.,

    Petitioner/Claimant.
_____/

**UNITED STATES' MOTION TO DISMISS PETITION [ECF 412], OR IN THE ALTERNATIVE, FOR ORDER TO SHOW CAUSE WHY SUCH PETITION SHOULD NOT BE DISMISSED, AND INCORPORATED MEMORANDUM OF LAW**

The United States of America (the "United States") hereby respectfully moves to dismiss the Petition filed by Benny Florenza J. and Maria Luc (the "Petitioners") regarding real property located at 3316 Devon Court, Miami, Florida [ECF 412], pursuant to Title 21, United States Code, Section 853(n), Rule 32.2(c)(1)(A) of the Federal Rules of Criminal Procedure, and Rule 12(b) of the Federal Rules of Civil Procedure. In the alternative, the United States respectfully requests that the Court order the Petitioners to show cause why their Petition should not be dismissed. The Petitioners have not asserted a cognizable legal claim to the property in their Petition, which is similar to petitions filed in other cases pending before the United States District Court for the

Southern District of Florida.[1]  In support of this motion, the United States submits the following factual and legal bases.

## I. FACTUAL AND PROCEDURAL BACKGROUND

On September 12, 2016, Lloyd Boggio (the "Defendant") pled guilty to the money laundering offense charged in Count 4 of the Third Superseding Indictment, in violation of Title 18, United States Code, Section 1957. [ECF 327]. In a written plea agreement with the United States, the Defendant specifically agreed to the entry of a personal forfeiture money judgment in the amount of $7,174,357.00 in United States currency, which sum represents proceeds traceable to the offense of conviction. *Id.* The Defendant further agreed, individually, and in his capacity, in whole or in part, as owner, partner, trustee, beneficiary, or in any other capacity, that his right, title, and interest in various assets, including the following property (the "Property"), be forfeited to the United States to satisfy his forfeiture money judgment:

> a. the real property located at 3316 Devon Court, Miami, Florida, in the name of Lloyd Boggio and Nancy Boggio, Folio: 01-4121-158-0160, subject to a Stipulation previously filed with the Court at ECF 289-1.

*Id.*

On September 23, 2016, the United States filed a Motion for a Forfeiture Money Judgment and a Preliminary Order of Forfeiture pursuant to Title 18, United States Code, Section 982(a)(1), Title 21, United States Code, Section 853, and Federal Rule of Criminal Procedure 32.2(b)(2), forfeiting the interest of the Defendant in the Property. [ECF 334]. The Court granted the United

---

[1] In August 2016, Joseph and Maria Lee filed a similar petition regarding preliminarily forfeited property in *United States v. Fernando Mendez-Villamil* Case No. 16-20010-CR-FAM, ECF 144; *United States v. Jorge Lorenzo*, et al., Case No. 15-CR-20957-WPD, ECF 148; *United States v. Suarez, et al.*, Case No. 15-20411-CR-DMM(s), ECF 447; and *United States v. Rosa Clavell*, Case No. 15-CR-20773-KMW, ECF 69. All of these petitions have been dismissed. [ECF: 152, 200, 483, 99, respectively].

States' motion on September 26, 2016. [ECF 335].

In accordance with 21 U.S.C. § 853(n) and Rule 32.2(b)(6) of the Federal Rules of Criminal Procedure, the United States published notice of the forfeiture of the Property on an official government website, www.forfeiture.gov, from September 30, 2016, through October 29, 2016. [ECF 429].

On December 20, 2016, the Clerk of the Court docketed what appears to be a form entitled "Intend for the Third Party Interest of Property 21 U.S. Code § 853(C) or Vested Legal Title or Bona Fide Purchaser for Value," the Petition. [ECF 412]. Attached to the Petition is a copy of the envelope addressed to the Clerk of the Court. *Id*.

On December 23, 2016, the United States filed a Motion for Extension of Time to Respond to the Petition. [ECF 415]. The Court entered an order granting the motion and directing the United States to respond by February 21, 2017. [ECF 417].

The United States has recognized and settled the interest of several persons in accord with a Stipulation to Sell the Property. [ECF 289-1]. No other person has filed a verified claim or petition with respect to the Property.

**II.   LEGAL STANDARD**

Pursuant to 21 U.S.C. § 853(n), "[a]ny person, other than the defendant, asserting a legal interest in property which has been ordered forfeited to the United States . . . may . . . petition the court for a hearing to adjudicate the validity of his alleged interest in the property."  21 U.S.C. § 853(n)(2). A third-party petition must be filed within thirty days of the final publication of the notice of the forfeiture or direct notice of the forfeiture, whichever is earlier. 21 U.S.C. § 853(n)(2). In addition, such a petition must set forth the following information:

   [i]  the nature and extent of the petitioner's right, title, or interest in the property,

> [ii] the time and circumstances of the petitioner's acquisition of the right, title, or interest in the property,
> [iii] any additional facts supporting the petitioner's claim, and
> [iv] the relief sought.

21 U.S.C. § 853(n)(3).

Federal courts demand "strict compliance" with these pleading requirements "primarily because there is a substantial danger of false claims in forfeiture proceedings." *United States v. Burge,* 829 F. Supp. 2d 664, 667 (C.D. Ill. 2011) (dismissing petition that was not signed under penalty of perjury and did not state a claim). Pursuant to Rule 32.2(c) of the Federal Rules of Criminal Procedure, the district court may dismiss a third-party claim for failing to comply with such requirements. *See* Fed. R. Crim. P. 32.2(c)(1)(A) (authorizing dismissal for "lack of standing, for failure to state a claim, or for any other lawful reason"). Prior to discovery or a hearing, a motion to dismiss a petition should be treated like a motion to dismiss a civil complaint under Rule 12(b) of the Federal Rules of Civil Procedure. *See United States v. Marion*, 562 F.3d 1330, 1342 (11th Cir. 2009) (citing *Pacheco v. Serendensky*, 393 F.3d 348, 352 (2d Cir. 2004)). In considering a motion to dismiss, the district court presumes the facts set forth in the petition to be true. Fed. R. Crim. P. 32.2(c)(1)(A).

### III.  ARGUMENT

First, the Petition should be dismissed because it is untimely. The Petition had to be filed by November 29, 2016, which is thirty days from the final publication of the notice of the forfeiture on October 29, 2016. 21 U.S.C. § 853(n)(2). The Petition is dated December 15, 2016, and it was filed on December 20, 2016. [ECF 412].

Second, the Petition should also be dismissed for failing to comply with the pleading requirements of 21 U.S.C. § 853(n)(3). The Petitioners have not asserted any legal interest in the Property. Instead, the Petitioners have only indicated the Property's address in the section of the

form entitled "Interest in Property." *Id.*   *See* Petition, ECF 412.[2]   They have not set forth the nature and extent of their interest in the Property, the time and circumstances surrounding their acquisition, or any additional facts to support their claim. *See* 21 U.S.C. § 853(n)(3). As a result, the Court should dismiss the Petition for lack of statutory standing and for failing to state a claim upon which relief may be granted. *See* Fed. R. Crim. P. 32.2(c)(1)(A); *United States v. Barber*, No. 8:13-CR-28-T-24TBM, 2014 WL 5473570, at *3 (M.D. Fla. Oct. 28, 2014) (dismissing petitioner's claim for failing to allege the time and circumstances of acquisition and for failing to assert any legal interest in the forfeited property).

Attempts to contact the Petitioners to further address the Petition have been unsuccessful. Law enforcement officers have made several telephone calls to the telephone number listed in the Petition, but they have not been able to contact the Petitioners nor have they received any response to their messages. The telephone number listed in the Petition is the same telephone number listed in the petition filed by Joseph and Maria Lee on preliminarily forfeited property in *United States v. Fernando Mendez-Villamil* Case No. 16-20010-CR-FAM, ECF 144. That petition was dismissed because no cognizable legal claim to the property was asserted. [ECF 152]. Like the Petition filed in this case, the only information indicated in the section of the form entitled "Interest in Property" was the street address of the property. *Id.*

Correspondence and copies of court filings, including the Order granting the Extension of Time to Respond to the Petition, have been electronically mailed to the electronic mail address listed in the Petition, but no response has been received. Copies of court filings were also mailed

---

[2] Similar claims to property subject to forfeiture have been filed in approximately 35 criminal forfeiture cases throughout the country. It appears as though the petitioners may be interested in purchasing the subject properties and are using an improper forum to submit their statement of interest in the properties. Law enforcement officers have attempted to personally contact the Petitioners but have not been able to locate them.

*via* Federal Express to the street address listed in the Petition, 10275 Hole Ave # 7424, Riverside CA 92503. After multiple attempts to deliver the documents, the United States was notified that this is in fact the address of a United States Post Office. The Petitioners have provided no additional information regarding their Petition.

    WHEREFORE, the United States requests that this Court dismiss the Petition, or enter an order compelling Petitioners to show cause why their Petition should not be dismissed. A proposed order is attached.

    Respectfully submitted,

    WIFREDO A. FERRER
    UNITED STATES ATTORNEY

By:    /s/ *Eloisa D. Fernandez*
    Eloisa Delgado Fernandez
    Assistant United States Attorney
    Florida Bar No. 0999768
    eloisa.d.fernandez@usdoj.gov
    U. S. Attorney's Office
    99 N.E. 4th Street, 7th Floor
    Miami, Florida 33132
    Telephone: (305) 961-9025
    Facsimile: (305) 536-4089

**CERTIFICATE OF SERVICE**

    I HEREBY CERTIFY that a true and correct copy of the foregoing was served electronically using CM/ECF on February 21, 2017, on all parties of record. A true and correct copy of the foregoing was also served *via* regular mail and e-mail to Petitioners Benny Florenza J. and Maria Luc at 10275 Hole Avenue # 7424, Riverside CA 92503, and hmbrhope@gmail.com.

    /s/ *Eloisa D. Fernandez*
    Eloisa Delgado Fernandez
    Assistant United States Attorney